UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BEAUVAIS,<br><br>Defendant. | CR 22-30068-RAL<br><br>BRIEF IN SUPPORT OF NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 807 |

The United States of America, by and through Assistant United States Attorneys Carl Thunem and Wayne Venhuizen, submits this brief in support of the admissibility of hearsay statements pursuant to Federal Rule of Evidence 807.

Known as the residual or "catch-all" exception to the rule against hearsay, Federal Rule of Evidence 807 allows for the admission of hearsay evidence "even if the statement is not admissible under a hearsay exception in Rule 803 or 804" if:

(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

(2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

1

Fed. R. Evid. 807(a)[1].  Additionally, absent good cause, the proponent must give an adverse party reasonable notice of the intent to offer the statement in writing before the trial or hearing.  Fed. R. Evid. 807(b).  The notice must include the substance of the statement and the declarant's name "so that the party has a fair opportunity to meet it."  Fed. R. Evid. 807(b).

Courts have had ample opportunity to review the admissibility of hearsay statements in child sexual abuse cases under the residual hearsay exception, and the Eighth Circuit Court of Appeals has recognized the "formidable line of Circuit precedent that sanctions the use of hearsay testimony in child sexual abuse cases."  *United States v. St. John*, 851 F.2d 1096, 1098 (8th Cir. 1988); *see also United States v. Dunn*, 851 F.2d 1099 (8th Cir. 1988); *United States v. Thunder Horse*, 370 F.3d 745, 747 (8th Cir. 2004).  In child sexual abuse cases, the Eighth Circuit has upheld admission of evidence under this exception "when the victim gave inconsistent testimony, recanted, or 'was unable or unwilling to recall specific details regarding the abuse during her in-court testimony.'"  *United States v. Gallardo*, 970 F.3d 1042, 1046 (8th Cir. 2020) (citing *United States v. Peneaux*, 432 F.3d 882, 887-88 (8th Cir. 2005); *United States v. Renville*, 779 F.2d 430, 441 (8th Cir. 1985); quoting *United States v. W.B.*, 452 F.3d 1002, 1006 (8th Cir. 2006)).

---

[1] Rule 807 was amended in 2019 "to fix a number of problems that courts have encountered in applying it."  Fed. R. Evid. 807 advisory committee's note (2019 amendments).  Among other things, the amendments eliminate the requirement that the proffered hearsay have "equivalent" circumstantial guarantees of trustworthiness.  *Id.*

To determine if statements made by a child who was allegedly a victim of sexual abuse to a forensic interviewer have sufficient circumstantial guarantees of trustworthiness to be admissible under Rule 807, courts consider a wide range of non-inclusive factors, including "'the training and experience of the interviewer; whether the child was interviewed using open-ended questions; the age of the child and whether the child used age-appropriate language in discussing the abuse; the length of time between the incident of abuse and the making of the hearsay statement; and whether the child repeated the same facts consistently to adults.'" *United States v. Smith*, 591 F.3d 974, 980 (8th Cir. 2010) (quoting *Thunder Horse*, 370 F.3d at 748). "'No single factor is dispositive.'" *Thunder Horse*, 370 F.3d at 745 (quoting *United States v. NB*, 59 F.3d 771, 776 (8th Cir. 1995)).

In this case, on or about March 14, 2021, the victim named in Counts XVIII-XX of the superseding indictment (hereinafter "the victim") disclosed two instances of sexual abuse against her by the Defendant to her aunt, Kenna Young. Both occurred in the Defendant's trailer in Mission, South Dakota. The victim said the first incident occurred sometime after August 2020. The Defendant called the victim into his bedroom, where he touched the victim's inner thighs and buttocks. The second incident occurred in November 2020. The victim was sleeping in her bedroom. She woke up to the Defendant touching her. Young recalls that the victim's mother, Jeni Arcoren, called Young at approximately 4:00 a.m. one morning in November asking Young to come take custody of the victim and her brother. Shortly after March 14, 2021, the victim

3

told Arcoren the Defendant felt the victim's buttocks over her clothing in the Defendant's trailer in October 2020.

On September 7, 2021, Lead Forensic Interviewer Brandi Tonkel conducted a forensic interview of the victim at the Children's Home Society in Rapid City, South Dakota. The victim disclosed two instances of abuse during this interview. Both occurred between March 2020 and December 2020 in the Defendant's trailer in Mission. One night, the victim awoke in her bed to find the Defendant's hand moving down her groin towards her vulva over her shorts. When she shifted her legs and moved her shoulders, the Defendant desisted, gave her a hug and asked the victim to rouse Arcoren, who was sleeping on the couch. The victim woke her mother up but did not disclose the abuse at that time.

Approximately one week later, the Defendant called the victim to his bedroom, placed his hand inside her shirt, and rubbed her stomach, back and breasts. The victim described the Defendant lifting up her bra "a little." When the Defendant asked whether he could touch the victim's buttocks, she said "no."

Due to the passage of time, the age of the child, and the potential that she may be reluctant or unwilling to testify to the above facts, the Government anticipates seeking to introduce statements made to Young, Arcoren and Tonkel, including Tonkel's recorded interview of the victim.

## CONCLUSION

Based on the foregoing, the hearsay statements of the above-described victim are supported by sufficient guarantees of trustworthiness for admission pursuant to Rule 807.

Dated this 18th day of October, 2023.

                                              Respectfully submitted,

ALISON J. RAMSDELL
United States Attorney

/s/ *Wayne Venhuizen*
_____

Wayne Venhuizen
Carl Thunem
Assistant United States Attorneys
P.O. Box 7240
Pierre, South Dakota 57501-7240
Phone: (605) 224-5402
Fax: (605) 224-8305
E-mail: wayne.venhuizen@usdoj.gov
             carl.thunem@usdoj.gov